In this suit, Robt. E. Kerr and Mrs. Rosa Kerr, the father and mother, respectively, of the minor, Thomas W. Kerr, for the use and benefit of the said minor, seek to recover the sum of $10,000 as alleged damages sustained by him, as the result of an accident which occurred on October 7, 1940, on the school grounds of Central School in the City of Lake Charles. Mr. Robt. E. Kerr, individually, claims the sum of $90 as medical expenses incurred in the treatment of his minor son and Mr. and Mrs. Kerr, individually, each claim the sum of $1,000 for "mental suffering and anguish" on account of the injury suffered by the child. The defendants are the United Gas Corporation and its insurer, the Fidelity Casualty Company of New York.
Plaintiffs aver that an employee of the defendant company, while acting in the scope of his employment, left one of its trucks parked on the grounds of the Central School with a piece of pipe protruding beyond the rear of the truck, and left unguarded and without any sort of danger signal such as a red flag or cloth; that the said minor son, who at the time of the injury was eight years of age, was on the school grounds during what is known as "opportunity period"; that at the ringing of the bell indicating the end of said period, young Kerr started running towards the school building to get in line to reenter the school building and ran into the said protruding pipe, the pipe striking him below the left eye and resulting in the alleged damages.
The plaintiffs then allege that the accident and the resulting injury were caused solely by "the gross negligence and carelessness and disregard of the proper care, safety, and rights of other persons and their property, particularly of small children such as your petitioner, on the part of the said defendant company, its agents and employees".
The plaintiffs allege further that the defendant company was negligent in the following particulars: "(1) Leaving said truck parked upon public school grounds with said pipe protruding dangerously beyond the rear of said truck; (2) in creating a dangerous instrumentality on said public school grounds by allowing said pipe to protrude dangerously beyond the rear of said truck and failing to protect small children from said dangerous instrumentality by any means whatsoever such as a guard or a danger signal attached to said pipe."
The defendants filed a plea of prescription of one year based on the fact that this suit was filed after legal hours on October 7, 1941, and, therefore, was not filed in sufficient time to interrupt the running of prescription as the accident happened on October 7, 1940. The plea was overruled. Defendants then filed an exception of no right or cause of action based on the fact that the petition was so vague and indefinite that it failed to set up any legal ground on which plaintiff could recover and particularly showed that plaintiffs' minor son was guilty of contributory negligence. The exception was overruled.
Under reservation of their rights under the plea and exception, the defendants then appeared and, in answer, denied generally all the allegations of negligence. Defendants, in further answer, aver that the truck belonging to defendant company was on the school grounds for the purpose of delivering a gas stove which had been ordered by the Superintendent of the City Schools so that it might be installed to be used in cooking the noon day meal at the school on the day of the accident; that when the truck arrived there were no children on the grounds and that the truck was parked about ten feet from the rear door of the school building in order that the stove might be unloaded and installed in the kitchen as instructed by one of the teachers; that the stove was unloaded and taken into the building to be installed; that an employee of the defendant company installed a piece of pipe in the vice on the rear of the truck body for the purpose of threading it, the pipe not protruding more than six inches from the vice and not beyond the rear bumper of the truck; that the said employee then went to the side of *Page 286 
the truck to get the dies and oil from the tool box to be used in threading the said pipe, and while the said employee was getting the dies and oil, Kerr and another boy came running out of the door, through which the stove had been taken, and completely circled the truck and Thomas Kerr, the plaintiff's minor son, while running and looking back at the other boy, grazed his check on the pipe.
The defendants then deny that the accident was due to any negligence on their part, or on the part of their employees and that the accident was due solely and entirely to the gross negligence and carelessness of the minor child, Thomas W. Kerr, in deliberately running into the side of the truck and the piece of pipe that was in the vise for the purpose of being threaded. The defendants, in the alternative in the event the court should find the defendants in any way negligent, contend that the child should be held contributorily negligent, and still in the further alternative the defendants plead the last clear chance.
The case was duly tried and resulted in a judgment in favor of defendants and against the plaintiffs dismissing plaintiffs' suit at their costs. Plaintiffs appealed. Defendant, in answer to the appeal, pray for an affirmance of the judgment.
The lower court has favored us with a written opinion in this case in which it has analyzed the facts and clearly set forth the issues. We quote:
"The accident occurred about 8:45 on the morning of October 7, 1940. The morning was clear and the visibility was good. On this particular morning early the Superintendent of the City Schools, who has his office in the Central School Building, ordered from the defendant Gas Company a Garland Heavy Duty Gas Range to be delivered and installed in the kitchen of the Central School, and requested the Company to deliver the stove as quickly as possible as they needed it. It appears that the stove was at once loaded on a 1/3 or 3/4 ton truck of the defendant company and two of the employees of the Gas Company were sent out with the truck to deliver and install the stove. They arrived at the Central School building about 8:30 in the morning or possibly earlier with the stove and drove up on the school yard or grounds and parked with the truck headed toward the North and with the back end of the truck about 10 feet from the rear door of the girl's basement through which the stove had to be carried to the school kitchen. They then sent for the Superintendent who came out of his office to the place where the truck was parked and there gave instructions for unloading and installing the stove. It appears that at that time there were no children on the school grounds and the Superintendent then returned to his office. The employees then proceeded to unload and install the stove which was as ordered a Garland Heavy Duty Gas Range weighing some 350 or 400 pounds. While the employees were in the process of unloading and installing this stove the pupils were given what is called an `opportunity period' of five minutes to get water, etc. before starting the actual school day's work. In making this installation one of these employees was in the kitchen where the stove had been carried and was making some connections and adjustments there while the other employee had gone back on the outside to the truck and was engaged in cutting a pipe and threading it to be used in making connections, and had fastened a pipe in a vice attached to the rear end of the truck body preparatory to cutting the threads on it. There is some conflict in the testimony as to just how far out from the vice or out from the rear end of the truck body the end of the pipe extended. This employee says about 6 or 8 inches, another witness says about 10 or 12 inches and still another witness thought it extended out as much as 16 or 18 inches. It appears to this Court that the estimate given by the employee at from 6 to 8 inches is probably more accurate, since the closer to the vice the die is held in turning the threads on the end of the pipe the tighter and more rigid the pipe will be held, and this was evidently known to the employee and he, therefore, most probably would have put the pipe in the vice with the end as near the vice as possible. It appears that this employee had thus just fastened this pipe in the vice and while he walked around to a tool box on the side of the truck to get the die for turning the threads the bell rang denoting the end of the opportunity period, and the pupils began running to get in line to march into the school building. Tommie Kerr, with a companion, Robert Martin, it appears, were at or near this rear door opening into the girl's basement and through which door the stove had been carried when the bell rang. Young Tommie Kerr started in a run to get in line and in passing to the rear of the truck just at *Page 287 
this time, while the employee was on the side of the truck getting the die and oil, etc. from the tool box, ran into the end of this pipe protruding out from the vice, the pipe striking him on the left cheek below the eye and resulting in the injuries complained of.
"The question presented to this Court is whether under this statement of facts the defendant company was so careless and so negligent and so unmindful of the proper care, safety and rights of others, and particularly of small children, in driving up on and leaving this truck on the school grounds with a pipe protruding beyond the rear end of the truck without any danger warning sign or signal, as to render it liable for the injuries complained of.
"A careful consideration of this record fails to convince this Court of any such negligence, but on the other hand a careful reading of this record and a consideration of the facts and circumstances of this case as disclosed in the record convinces this Court that this defendant Company has acted with as much care and prudence as could reasonably be expected or required.
"The delivery and installation of this stove was expressly ordered by the Superintendent of the City Schools, and who requested that it be delivered and installed as early as possible; that upon the arrival of the truck on the School grounds the Superintendent was sent for and who came out of his office which was in the Central School building; that he saw where the truck was parked near the rear door opening into the girl's basement; that he gave instructions to the employees of the defendant Company for unloading and installing this stove. The Superintendent says he saw nothing dangerous in the location of the truck at this particular place; that it had been customary for trucks to drive up on the School grounds when articles to be delivered were too heavy to be carried from the street. It appears further to this Court that the fact that this vice and tool box were attached to the truck and the necessity for cutting and threading the pipe for the installation of this stove under the circumstances existing at that time justified bringing the truck up on the grounds as near the building as possible. There were no children on the School grounds at the time the truck was driven up on the grounds. It was open daylight and the visibility was perfect. This child had just previously been playing around the truck and knew it was there. Under these circumstances it does not appear to this Court that the act of fastening this pipe in the vice with the end protruding out a few inches as testified to could be held as negligence.
"The accident was unfortunate and deeply regrettable, but this Court can not feel that the defendant Company should be held responsible."
We have carefully studied the record, and our appreciation of the evidence is that it supports the conclusion of the lower court, and the judgment of the lower court is affirmed at appellants' cost.